Gipp, Appellant, vs. Gipp, Respondent.

*December 5, 1950—January 9, 1951.*

For the appellant there was a brief by *Winter & Koehler* of Shawano, and oral argument by *Herman E. Winter*.

For the respondent there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein, Jr.*

HUGHES, J.   It appears from the record that the likelihood of the farm paying out all that the judgment contemplates is extremely doubtful.   The judgment puts all of the obligations, including the payments to be made to the husband, ahead of the rights of the wife.   Although the wife asked for and was anxious to have the farm, we are of the opinion that the judgment harshly places upon her all of the risk of loss.

It may be open to serious question whether a farm which, with the personal efforts of the occupant, will produce only $1,500 per year, has a true value of $16,000.   Moreover, it appears that the property accumulated by these parties was acquired through the efforts of both wife and husband, as well as by the original investment of the wife's money.

Ordinarily the division of estate in a divorce action will be left to the discretion of the trial court.   Because of the apparent inequitable result here obtained, however, and the possibility that the wife may ultimately lose her share if the judgment were permitted to stand, we conclude that the payments provided for the husband must be reduced to $3,500, the plaintiff to pay her own attorney's fees.

*By the Court.*—The judgment is modified by reducing the share of the defendant from $5,500 to $3,500, payable by the plaintiff at the rate of $700 per year, the unpaid balance to draw interest at three per cent per annum; plaintiff to pay her own attorney's fees.   As so modified, the judgment is affirmed.